**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SEAN DEPAN | ) |
| | ) **NO.** 1:19-cv- |
| Plaintiff, | ) |
| | ) |
| v. | ) Honorable Judge |
| | ) |
| INTEGRATED LOGISTICS TRANSPORT, | ) |
| INC., AN INDIANA CORPORATION, | ) Magistrate Judge |
| INTEGRATED LOGISTICS TRANSPORT, | ) |
| INC., AN ILLINOIS CORPORATION, | ) |
| DUNN RITE EXPEDITORS, INC., AN | ) ***JURY DEMAND*** |
| ILLINOIS CORPORATION, DUNN-RITE | ) |
| EXPEDITORS, INC., AN ILLINOIS | ) |
| CORPORATION AND RICHARD | ) |
| MCCANN, INDIVIDUALLY | ) |
| | ) |
| Defendants. | |

## COMPLAINT

NOW COMES Plaintiff, SEAN DEPAN, ("Plaintiff"), by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for his Complaint against Defendants, INTEGRATED LOGISTICS TRANSPORT, INC., AN INDIANA CORPORATION, INTEGRATED LOGISTICS TRANSPORT, INC., AN ILLINOIS CORPORATION, DUNN RITE EXPEDITORS, INC., AN ILLINOIS CORPORATION, DUNN-RITE EXPEDITORS, INC., AN ILLINOIS CORPORATION AND RICHARD MCCANN, INDIVIDUALLY (each a "Defendant", collectively "the Defendants"), states as follows:

## I.   NATURE OF ACTION

1.      This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Cook County Minimum Wage Ordinance of the Municipal Code of Cook County § 42-11 *et seq.*

## II.   JURISDICTION AND VENUE

2.      Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois and Cook County statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III.   THE PARTIES

3.      Defendant, **INTEGRATED LOGISTICS TRANSPORT, INC.,** ("ILT Indiana.") owns and operates a luggage delivery service located at 5111 Pearl St., Schiller Park, Illinois 60176 that contracts with multiple airlines at O'Hare International Airport to deliver lost luggage to customers across the Chicagoland area. ILT Indiana's primary place of business is located 2158 45th Street, Suite 551, Highland, IN, 46322. Defendant, **INTEGRATED LOGISTICS TRANSPORT, INC.,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.      Defendant, **INTEGRATED LOGISTICS TRANSPORT, INC.,** ("ILT Illinois") owns and operates a luggage delivery service located at 5111 Pearl St., Schiller Park, Illinois 60176 that contracts with multiple airlines at O'Hare International Airport to deliver lost luggage to customers across the Chicagoland area. ILT Illinois' primary place of business is

located 15774 S LaGrange Road, Suite #126, Orland Park, Illinois. Defendant,
**INTEGRATED LOGISTICS TRANSPORT, INC.,** is an "enterprise" engaged in commerce or in
the production of goods for commerce within the meaning of Section 29 U.S.C.
§203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry,
satisfies the minimum annual gross sales dollar amount required by 29 U.S.C.
§203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the
interest of the employer in relation to the employee Plaintiff and therefore, as defined under
both the federal and state statutes relied upon, is an "employer."

5.      Defendant, **DUNN-RITE EXPEDITORS, INC.,** (" Dunn-Rite") is a co-owner of
the luggage delivery service located at 5111 Pearl St., Schiller Park, Illinois 60176.
Defendant, **DUNN-RITE EXPEDITORS, INC.,** is an "enterprise" engaged in commerce or in
the production of goods for commerce within the meaning of Section 29 U.S.C.
§203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry,
satisfies the minimum annual gross sales dollar amount required by 29 U.S.C.
§203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the
interest of the employer in relation to the employee Plaintiff and therefore, as defined under
both the federal and state statutes relied upon, is an "employer."

6.      Defendant, **DUNN RITE EXPEDITORS, INC.,** (" Dunn Rite") is a co-owner of
the luggage delivery service located at 5111 Pearl St., Schiller Park, Illinois 60176.
Defendant, **DUNN RITE EXPEDITORS, INC.** maintains its primary place of business at 4100
West 35th Street Chicago, Illinois 60632. Defendant, **DUNN RITE EXPEDITORS, INC.,** is an
"enterprise" engaged in commerce or in the production of goods for commerce within the
meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief

3

formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

7.     Defendant, **RICHARD MCCANN,** is the owner and President of all the corporate Defendants, **INTEGRATED LOGISTICS TRANSPORT, INC. – INDIANA, INTEGRATED LOGISTICS TRANSPORT, INC. – ILLINOIS, DUNN-RITE EXPEDITORS, INC., AND DUNN RITE EXPEDITORS, INC.,** and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is/was an "employer".

8.     The Corporate Defendants, **INTEGRATED LOGISTICS TRANSPORT, INC. – INDIANA, INTEGRATED LOGISTICS TRANSPORT, INC. – ILLINOIS, DUNN-RITE EXPEDITORS, INC., AND DUNN RITE EXPEDITORS, INC.,** are related in substantive ways (i.e. Plaintiff performed work and provided services under the name of all four corporate entities, and received paychecks from all entities) and therefore, constitute a single enterprise under the law. At all times relevant hereto, the corporate Defendants ("Joint Employers") a) performed related activities; b) through unified operation or common control; c) for a common business purpose.

9.     Plaintiff, **SEAN DEPAN** (hereinafter referred to as "Plaintiff") is a current salaried employee of Defendants who, since approximately April 2016, has been employed by Defendants as a warehouse manager, dispatcher, luggage driver and repairman. Plaintiff performed duties on behalf of each of the corporate Defendants. Additionally, Plaintiff received paychecks from each of the corporate Defendants at different times during his

4

employment with Defendants. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week.

IV.     **STATUTORY VIOLATIONS**

**Fair Labor Standards Act**

10.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff for damages suffered by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

11.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

**Cook County Minimum Wage Ordinance**

12.     Pursuant to the Cook County Minimum Wage Ordinance ("CCMWO"), Municipal Code of Cook County § 42-11, Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

V.      **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

13.     Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

14.     Plaintiff, on a regular basis within the dates of employment referenced above, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-

half for such hours pursuant to the requirements of the federal, state and county statutes relied upon herein.

15.     Plaintiff has been employed by Defendants since approximately April 2016.

16.     Plaintiff was employed as a manager by Defendants, but performed a wide variety of duties, including substantial amounts of time performing non-exempt duties such as: picking up and delivering luggage, taking customer inquiry, service and complaint calls, performing auto repair and maintenance on Defendants' vehicles and performing manual labor and repair duties at Defendants' warehouse facility.

17.     Plaintiff's minimum schedule was the following: 9:00 a.m. to 9:30 p.m. but often until as late as 12:00 a.m. Monday through Saturday. Plaintiff also worked approximately an additional 2 to 3 hours per day after each shift answering overnight customer calls and performing any follow up work arising from those calls. Plaintiff also usually worked at home on Sunday for approximately 2 to 4 hours.

18.     Plaintiff spent at least approximately 70%-80% of his working hours performing non-exempt driving and manual labor duties.

19.     During the entirety of Plaintiff's employment, he has been paid as an improper salary of $1,050 per week that constituted pay only for the first 40 hours of each work week. Plaintiff received no compensation for hours worked in excess of 40 in a work week.

20.     Over the entire course of Plaintiff's employment, he did not receive any compensation for hours worked in excess of 40 in a work week.

21.     During his employment with Defendants, Plaintiff did not qualify for any of the salary exemptions permitted by the relevant statutes, as Plaintiff performed significant hours of non-exempt driving, manual labor and other non-exempt duties.

22.     Additionally, and in a further attempt to circumvent the overtime provisions of the federal, state and county statutes relied upon herein, Defendant improperly classified Plaintiff as a 1099 independent contractor.

23.     Plaintiff worked in excess for forty (40) hours in many, if not all, workweeks during his employment without pay at a rate of time and one half his regular hourly rates of pay for such hours.

24.     Plaintiff was denied time and one half his regular rates of pay for hours worked, over 40 in a workweek pursuant to the requirements of the federal and state statutes relied upon herein.

25.     The total number of hours worked by Plaintiff, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff will be capable of providing reasonable estimates of that time, as permitted by law.

## **COUNT I**

## **VIOLATION OF FAIR LABOR STANDARDS ACT**

1-25.   Paragraphs 1 through 25 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 25 of this Count I.

26.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*, Plaintiff is entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

27.     Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiff, as described above.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d)     such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-27.     Paragraphs 1 through 27 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 27 of Count II.

28.     Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such

8

information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

29. Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-29. Paragraphs 1 through 29 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 29 of Count III.

30. In denying Plaintiff compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

31.     Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a)     liquidated damages equal to the amount of all unpaid compensation;

(b)     Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)     such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-31.     Paragraphs 1 through 31 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 31 of this Count IV.

32.      As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

33.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

34.     Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a)     declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM VIOLATION OF THE COOK COUNTY MINIMUM WAGE ORDINANCE

1- 34.   Paragraphs 1 through 34 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 34 of this Count V.

35.     Plaintiff was an "employee" under the CCMWO § 44-12 of the Municipal Code of Cook County and was not exempt from the overtime provisions of the CCMWO §§ 44-15.

36.     Defendants were each an "employer" as defined in the CCMWO § 44-12.

37.     Under § 44-15, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

38.     Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provision of the CCMWO § 44-15.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a)     Judgment in the amount of unpaid minimum wages found due;

(b)     Judgment in the amount of overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

(c)     Statutory interest damages in the amount of three times the amount of unpaid wages;

(c).    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d)    such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

***Electronically Filed 07/08/2019***

_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff